IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM W. WELLER, | § | |
| | § | |
| Plaintiff Below, | § | No. 267, 2020 |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| MORRIS JAMES LLP, | § | C.A. No. N19C-05-165 |
| | § | |
| Defendant Below, | § | |
| Appellee. | | |

Submitted: January 22, 2021
Decided: March 3, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the parties' briefs and the Superior Court record, we find it evident that the judgment below should be affirmed on the basis of and for the reasons assigned in the Superior Court's well-reasoned opinion dated May 14, 2020[1] and its order denying the appellant's motion for reargument dated July 22, 2020.[2] Absent plain error, which we do not find here, the Court will not consider the arguments that the appellant makes for the first time on appeal.[3]

---

[1] *Weller v. Morris James LLP*, 2020 WL 2511118 (Del. Super. Ct. May 14, 2020).

[2] *Weller v. Morris James LLP*, 2020 WL 4208466 (Del. Super. Ct. July 22, 2020).

[3] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."). Similarly, the appellant's allegations concerning a disclosure filed by the appellee in an unrelated bankruptcy proceeding were not presented to the

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

Superior Court and are outside the scope of the record on appeal. *Del. Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenant of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court."). Because we did not consider the appellant's allegations regarding this disclosure, the appellee's motion to strike any reference to the disclosure is denied as moot.